UNITED STATES DISTRICT COURT

| | |
|---|---|
| MADHU JAIN, )<br>  PLAINTIFF )<br>v. )<br>A CAPE ANN WHALE )<br>WATCH, INC. )<br>  DEFENDANT )<br>_____ ) | 05-11267-MEL<br>C.A. No.<br>RECEIPT # 65065<br>AMOUNT $ 250.00<br>SUMMONS ISSUED 1<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM —<br>MCF ISSUED —<br>BY DPTY. CLK. M.P.<br>DATE 6/17/2005 |

MAGISTRATE JUDGE MBB

COMPLAINT

JURISDICTION

1. The court has jurisdiction over this action as this is a case of admiralty and maritime jurisdiction and under 46 U.S.C. 740 as hereinafter more fully appears.

2. The court has personal jurisdiction over Defendant pursuant to Massachusetts General Laws, Chapter 223A, sec. 3(a), (b), (c), & (e), in that Defendant, at all relevant times, transacted business, contracted to supply services and things, caused tortious injury by acts and omissions, and had an interest in, used, and possessed property, all in Essex County in the Commonwealth of Massachusetts.

PARTIES

3) Plaintiff, MADHU JAIN, is an adult resident of New Deli India residing at D-138, 1st Floor, East of Kailash in India.

4) Defendant, A Cape Ann Whale Watch Incorporated is a Massachusetts corporation regularly doing business at Rose's Wharf, 415 Main Street in Gloucester Massachusetts in Essex County.

5) Defendant A Cape Ann Whale Watch Incorporated (Hereafter Cape Ann) owns and operates a 109 foot seagoing vessel called The Hurricane II which is docked at Rose's Wharf in Gloucester Massachusetts.

## COUNT I
## (NEGLIGENCE)

6) Paragraphs 1 - 5 are incorporated by reference herein.

7) On or about August 19, 2004, the Defendant, Cape Ann negligently and carelessly outfitted, maintained and operated the vessel, the Hurricane II.

8) On or about August 19, 2004 Cape Ann charged the plaintiff and other passengers money to transport them out to see on a trip to observe whales and had a duty to passengers to use reasonable care.

9) On return from the trip on or about August 19, 2004 Cape Ann the Hurricanes decks became wet with seawater.

10) Cape Ann provided egress to the passengers, including the plaintiff, by placing a metal plank (Hereafter the gangplank) against the side of the Hurricane II and extending to a dock.

11) The gangplank was unseaworthy and unreasonably dangerous for reasons including being too short at 8 feet, too steep for safe descent, having a surface constructed of slippery metal material and because it lacked adequate handrails and was not level with the sides of the Hurricane.

12) The vessel and gangplank were not operated, maintained, constructed or designed with reasonable care by the defendant and the defendant's employees, agents and others for whom the defendant is responsible.

13) The defendant and the defendant's employees, agents and others for whom the defendant is responsible did not adequately assist the disembarking plaintiff with reasonable care.

14) Other gangplanks and stairs are available that are less slippery, longer and have adequate handrails.

15) As a result of the negligence on the part of defendant the Plaintiff was injured including compound fractures to the leg requiring surgery and internal fixation and caused to suffer pain of body and mind, has been scarred, has required hospital and medical treatment and cannot carry out her usual activities for a long period of time, and has incurred medical expenses.

WHEREFORE, the plaintiff demands judgment against the defendant, that damages be established and that plaintiff be awarded same, including lost wages, lost earning capacity, pain and suffering of mind and of body, disfigurement and medical and other expenses and costs, and if allowable multiple damages, attorney fees, costs and interest.

BY PLAINTIFF'S ATTORNEY

JEFFREY C. CONIARIS
84 STATE STREET
BOSTON, MA 02109
BBO 555907
(617) 720-5888