UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MADHU JAIN,<br>        Plaintiff,<br>v.<br>A CAPE ANN WHALE WATCH, INC.,<br>        Defendant. | CIVIL ACTION NO. 05-11267-MEL |

JOINT STATEMENT OF THE PARTIES
IN CONNECTION WITH INITIAL SCHEDULING CONFERENCE

In anticipation of the Initial Scheduling Conference set for October 19, 2005, and pursuant to Fed. R. Civ. P. 16(b), and L.R. 16.1, and the Court's scheduling order of September 13, 2005, the parties submit this Joint Statement regarding discovery and other pre-trial matters.

### I.  CERTIFICATES OF COMPLIANCE

The parties are independently filing their Certificates of Compliance of conference between parties and their counsel pursuant to Local Rule 16.1(D)(3).

### II.  PROPOSED PLAN FOR DISCOVERY AND MOTION PRACTICE

Pursuant to Fed.R.Civ.P. 16(b), the parties propose the following discovery plan:

A.  The parties will serve all written discovery requests by November 15, 2005.

B.  On or before January 30, 2005, the defendant will permit inspection of the ramp in question by plaintiff's counsel and engineer to examine same.

C.  Plaintiff will present herself in Boston at a mutually agreed date during the month of January, 2006 for a medical examination by a physician of the defendant's choosing.

D.  The parties will complete all factual depositions by February 15, 2006;

E.  Plaintiff will designate her trial experts and disclose the information set forth in Rule 26(b) (4) (A) (i) by March 15, 2006; the Defendant will do so by April 18, 2006.

F.  The parties will complete all non-expert and expert discovery, including any expert depositions by May 30, 2006.

    G.    The parties will thereafter attend a final pretrial conference to be scheduled by the court.

### III.    DISPUTED ISSUES

    H.    **Bifurcation.**  Because plaintiff lives in India she requests that discovery and trial will be bifurcated with liability determined first, and if liability is established, medical exams conducted, medical depositions conducted and damages determined thereafter.  Defendant believes that it is inappropriate to bifurcate for what is fundamentally a simple case, adding needless complication through the cost of what amounts to two trials.

    I.    **Videoconference depositions.**  Defendant has no objection to videoconference deposition of witnesses in India, *other than* of the plaintiff.  Plaintiff requests that her deposition may be taken by videoconference because plaintiff lives in India and travel would be expensive; take her away from work and family and detrimental to the quality of her testimony.  Defendant submits that the plaintiff has an obligation to make discovery within the District, including by submission to deposition here, and that this represents no significant inconvenience because she has an obligation to submit to an IME with the District anyway — both can be accomplished on a single visit, just as easily as the vacation trip that brought her to Gloucester in the first place.

    J.    **Signatures.**  Plaintiff requests that a facsimile or e-mail copy of the signed original may satisfy any requirement for the signature of the plaintiff. Defendant submits that modern means are quite capable of providing original signatures, and that the requirement for original signatures (e.g., on interrogatory answers, or an affidavit) is particularly important where the signer is physically beyond the reach of the Court.  Defendant is prepared to make reasonable accommodations as to deadlines for receipt of hard copy submission if a facsimile is received within the specified deadline.

    K.    **Conduct of Medical Examination**.  Plaintiff requests that plaintiff may be accompanied at any independent exam of her medical exam by a relative or friend.  Defendant has

no objection to anyone accompanying the plaintiff to the *waiting room* of the physician, but it is not appropriate for a third party to be present in the examination room.

### IV.  CONSIDERATION OF TRIAL BY MAGISTRATE JUDGE AND ADR

The parties do not all consent to trial by magistrate judge at this time.  The parties do consent to referral to the Court's in-house ADR program.

### IV.  SETTLEMENT

Plaintiff has made a compromise demand, and the defendant will be prepared to respond at the conference as set out in the Court's order.

| | |
|---|---|
| **MAHDU JAIN**<br>By her attorney,<br><br> /s/ Jeffrey C. Conairis<br>Jeffrey C. Coniaris, Esq., BBO# 555907<br>**LAW OFFICES OF JEFFREY CONIARIS**<br>84 State Street<br>Boston, MA  02109<br>Tel. (617) 720-5888<br>Fax. (617) 720-2164<br>Dated: October 17, 2005 | **A CAPE ANN WHALE WATCH, INC.**<br>By its attorneys,<br><br> /s/ Michael Rauworth<br>Michael J. Rauworth, BBO# 547711<br>**CETRULO & CAPONE LLP**<br>World Trade Center East<br>Two Seaport Lane — 10th Floor<br>Boston, Massachusetts 02210<br>Tel:  (617) 217-5500;<br>Fax:  (617) 217-5200 |