UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MADHU JAIN,
    Plaintiff,
v.
A CAPE ANN WHALE WATCH, INC.,
    Defendant.

CIVIL ACTION NO. 05-11267-MEL

MOTION *IN LIMINE* REGARDING REFERENCES TO
OSHA REGULATIONS AND TO BUILDING CODE

Defendant, A Cape Ann Whale Watch, Inc, ("Cape Ann"), hereby move *in limine* to bar any references to regulations, standards, etc., of the United States Occupational Safety and Health Administration ("OSHA"), and to bar any references to the Massachusetts building code, inasmuch as both are completely inapplicable to this case.

The *Hurricane II* is an "inspected vessel," in Coast Guard parlance. This means that it is (and has been) periodically inspected by the Coast Guard. It carries a Coast Guard certificate of inspection accordingly.

This regulation by the Coast Guard pre-empts any regulating by OSHA. OSHA regulations can apply only to a narrow class of "uninspected vessels," such as oil drilling rigs. *Chao v. Mallard Bay Drilling, Inc.*, 534 U.S. 235 (2002).

Likewise, the Building Code has applicability only to buildings and structures, and not to moveable objects, vessels, trailers, etc. *Mammoet USA, Inc. v. Entergy Nuclear Generation Co.*, 64 Mass. App. Ct. 37 (2005).[1] For this reason alone, any reference to the building code must be excluded.

---

[1]     n13. See Webster's Third New Intl. Dictionary 292 & 2267 (2002), defining "building" as "a constructed edifice designed to stand more or less permanently, covering a space of land, usu. covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure -- distinguished from 'structures' not designed for occupancy (as fences or monuments) and from structures not intended for use in one place (as boats or trailers) even though subject to occupancy"; and defining structure as "something constructed or built . . . esp.: a building of imposing size: edifice." Similarly, the most common definitions of these terms appearing in our reports are taken from the State Building Code, G. L. c. 143, § 1: "Building," a combination of any materials, whether portable or fixed, having a roof, to form a structure for the shelter of persons, animals or property . . . "Structure, a

But more than this, any attempted application of the building code to this case is pre-empted by federal law, by reason of the Supremacy Clause.  Obviously, as to this vessel Coast Guard regulations pre-empt even the regulatory power of another federal agency — OSHA.  Under the circumstances, there can be no question that Coast Guard regulations would prevent the application of a state building code.  See, *e.g., United States of America, et al. v. Commonwealth of Massachusetts, et al.*, 440 F. Supp. 2d 24 (D.C. Mass 2006).

For these reasons, OSHA and state building code standards cannot be applied in this case.

WHEREFORE, Cape Ann moves that the Court exclude any references to the aforesaid standards.

**CERTIFICATE OF SERVICE:**  Undersigned counsel hereby certifies that s/he has this day provided a true copy of this document to all counsel of record and all parties appearing pro se (if any) by the method indicated alongside their respective names as shown below.

| | |
|---|---|
| Dated: June 4, 2007 | **A CAPE ANN WHALE WATCH, INC.** |
| *served upon:* | By its attorneys, |
| Jeffrey C. Coniaris, Esq. *(By Facsimile & 1st Class Mail)* | |
| 84 State Street, 6th Floor | ___/s/ Michael Rauworth_____ |
| Boston, Massachusetts 02109 | Michael J. Rauworth,  BBO# 547711 |
| Tel. (617) 720-5888 | **CETRULO & CAPONE LLP** |
| Fax. (617) 720-2164 | World Trade Center East |
| | Two Seaport Lane — 10th Floor |
| | Boston, Massachusetts 02210 |
| | Tel: (617) 217-5500; fax: 617-217-5200 |

---

combination of materials assembled at a fixed location to give support or shelter. . . ." *Mammoet USA, Inc. v. Entergy Nuclear Generation Co.*, 64 Mass. App. Ct. 37 at 42-43 and fn13 (2005)

02006-0042
825613v1