**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MADHU JAIN,                              )                          C.A. No. 05 11267 MEL
    PLAINTIFF                         )
v.                                       )
A CAPE ANN WHALE                         )
WATCH, INC.                              )
    DEFENDANT                         )
_____ )

## OPPOSITION TO DEFENDANT'S MOTION UNDER RULE 804 (6) TO EXCLUDE MEDICAL REPORT OF DR. DUTTA

Defendant's Motion is not based on any facts that show that the medical records were not kept in the regular course of business or that the treating orthopedic surgeon had motivation to lie or that the records are self-serving.

The source of information is from the patients treating orthopedic surgeon.

Under Rule 803 (4):

HEARSAY EXCEPTIONS; AVAILABILITY OF DECLARANT IMMATERIAL

The following are not excluded by the hearsay rule, even though the declarant is available as a witness;

(4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

The method of their preparation was to record information and diagnosis based on first hand knowledge and on information communicated by Ms. Jain of the type generally given for the purpose of treatment.

The notes were translated at the request of the plaintiff but that, in no way changes the fact, that they were notes and that they were kept in the regular course of business.

The circumstances of preparation do not indicate lack of trustworthiness. They were made at or near the time of the examination. The examination and treatment is a regular part of an orthopedic doctor's practice. The preparer had first hand knowledge.

The operating surgeon at Beverly Hospital instructed Ms. Jain to followup in India with medical care. She did so.

**(6) Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with **Rule** 902(11), **Rule** 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

In order to make clear its adherence to the latter position, the rule specifically includes both diagnoses and opinions, in addition to acts, events, and conditions, as proper subjects of admissible entries.

Defendant's objection is a challenge to the certification of these records as business records. He has no evidence that anything in the certification is not true.

It was the regular practice of Dr. Dutta to take down information volunteered by the plaintiff and record it in his note. This would allow other practitioners to become familiar with the treatment and remind him of salient information.

Dr. Dutta has certified under the pains and penalties of perjury that he regularly keeps such records and that the document is a true copy of the medical record of Madhu Jain (Exhibit 1).

Trustworthiness is guaranteed here because these are the Doctor's translated notes. Each recorded fact was necessary for treatment (including comments on the mechanism of injury). He was not hired as an expert witness. He was not paid to be an expert witness.

Defendant was provided with Dr. Dutta's report at least as long ago as November of last year. He had a chance to examine it and object to it as not a regular business record. He waited until the last minute to object and has thus has waived his objection.

Defendant could have cross-examined the doctor by telephone if he had noticed his deposition. In the Discovery order such depositions were discussed. Defendant had the plaintiff examined by two doctors of his choosing. No circumstances or method hear indicates a lack of trustworthiness.

Doctor Dutta was Madhu Jain's treating physician in India. He prefaces his report by stating that these are his notes and asserts that they are of the type kept in the regular course of his business.

Dr. Dutta was not paid for his records. He saw plaintiff strictly for treatment purposes and not in anticipation of litigation selected him.

His note, like most medical records, contains a summary of the history of the injury, treatment and prognosis.

He certifies under oath that the records were kept in the regular course of business.

WHEREFORE, the plaintiff respectfully moves that the evidence be admitted.

By the Plaintiff,

JEFFREY C. CONIARIS
BBO# 555907
84 State Street
Boston, MA   02109
(617) 720-5888

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party and any party appearing pro se by (first-class-mail, postage-prepaid) or (by hand delivery).

Dated _____

## CERTIFIED FOREIGN RECORD OF REGULARLY CONDUCTED ACTIVITY

The undersigned hereby states, under penalties of perjury of the Laws of India and of the U.S. that:

1.  I am the authorized custodian of records for Fracture & Joint Pain Clinic located at 1/62, Sunder Vihar, Delhi – 110 087, India

2.  The attached record (including X-Rays) is a true copy of the medical record of Madhu Jain of D-138, 1ˢᵗ Floor, East of Kailash, New Delhi – 110 065 India

3.  The attached record is comprised of 5 pages

4.  The attached record was kept in the course of a regularly conducted activity (the practice of medicine) was made at or near the occurrence of the matters set forth in the regular course of the business by the person with knowledge of the matters contained therein and it was the regular practice of the business to make and to keep such record at the time of the occurrence or events recorded therein

**Signed and sworn under the pains and legal penalties of perjury, 9th of August, 2006.**

_____
(Signature)

**Dr. Vinod Datta**
Name (Printed)

**Senior Consultant Orthopaedics**
Title

Addl. Chief Metropolitan Magistrate
cum Addl. Distt. & Sessions Judge
Distt. Courts Complex
Karkardooma Court, Delhi-92