UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 JUL 12 P 4:33

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| MADHU JAIN,<br>    PLAINTIFF<br>v.<br>A CAPE ANN WHALE<br>WATCH, INC.<br>    DEFENDANT | C.A. No. 05-11267 MEL |

### PLAINTIFF'S REQUESTS FOR RULINGS OF LAW

(1) The First Circuit in Johnson v. A/S Ivarans Rederi, in deciding the negligence standard under the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. section 905(b), rejected decisions stating that there can somehow be a difference between Jones Act negligence and any other kind of negligence that does not incorporate assumption of the risk and contributory negligence as total bars to recovery Roger Johnson v. A/S Ivarans Rederi, 613 F.2d 334, 342 (1st Cir. 1980).

The First Circuit further stated:

> The standard of reasonable care under the circumstances permits a finding of negligence upon a showing:
> (1) That the vessel knew of or by the exercise of reasonable care could have discovered the condition on board ship that led to the injury.
> (2) That the vessel knew or should have known that the condition would pose an unreasonable risk of harm to longshoremen working board ship; and
> (3) that the vessel failed to exercise reasonable care to protect the longshoremen against that danger.
>
> Under this standard the principal inquiry will be whether the vessel permitted the existence of a condition that posed an unreasonable risk of harm to the longshoreman. Whether the risk of harm is unreasonable may be determined by balancing the usefulness to the ship of the dangerous condition and the burden involved in curing it against the possibility and severity of the harm it poses…

Roger Johnson v. A/S Ivarans Rederi 613 F.2d 334, 348 (1st Cir. 1980).

(2) It is a matter of common experience that a person can slip on a stairway, due to extremely slippery conditions, with such force that his hands would be loosened from the

rail. Robert Lee Mason v. Mathiasen Tanker Industries, Inc., 298 F.2d 28, 32 (4th Cir. 1962).

(3) No witness testified that plaintiff failed to grasp the handrail which was provided for anyone using the ladder, or that he failed, in any respect, to take proper precaution to insure his own safety. Juries cannot be permitted to speculate on what might or could have happened without supporting evidence. Here defendant had the burden to prove by a preponderance of the evidence Mason's contributory negligence. United States v. Smith 202 F.2d 548 (5th Cir. 1955).

(4) In Paul Romero Reyes v. Marine Enterprises, Inc. 494 F.2d 866, 870 (1st Cir. 1974), Foot note 4 states the Courts view of negligence as follows;

> Because the means of ingress or egress, by whoever furnished, are an "appurtenance" of the vessel, the owner has a duty of care regarding them. The owner is thus liable for negligent failure to inspect the gangplank and to warn against defects reasonably apparent from inspection or to take steps to repair or replace it.

Paul Romero Reyes v. Marine Enterprises, Inc. 494 F.2d 866, 870 (1st Cir. 1974)

(5) In analyzing a maritime tort case, we rely on general principles of negligence law. S.C. Loveland, Inc. v. East West Towing Inc., 608 F.2d 160, 165 (5th Cir. 1979). The plaintiff is owed a duty of ordinary care. A defendant's failure to warn the plaintiff does not breach that duty however, unless the resultant harm is reasonably foreseeable. Liability for a failure to warn thus arises from foreseeability, or the knowledge that a particular conduct will create danger. As stated in 57 Am.Jur.2d Negligence section 72, at 423:

> (T)he care which must be exercised in any particular situation is in proportion to the actor's knowledge, actual or imputed, of the danger to another in the act to be performed. The degree of care necessary to constitute the ordinary care required of a person upon any particular occasion is measured by the reference to the circumstances of danger and the risk known to such person at the time. Conduct that will be considered extremely careful under one set of circumstances may be grossly negligent with different knowledge and in changed circumstances.

Daniel F. Daigle v. Point Landing, Inc. et al 616 F 2d 825, 827 (5th Cir. 1980).

By the Plaintiff,

_____
JEFFREY C. CONIARIS
BBO# 555907
84 State Street
Boston, MA  02109
(617) 720-5888

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and any party appearing pro se by (first class mail, postage prepaid) ~~or (by hand delivery)~~.

Dated 7/12/07   _____